Nell Chamberlain, petitioner-appellant,

*v.*

Walter Chamberlain, defendant-respondent.

[Submitted October 30th, 1936.   Decided January 22d, 1937.]

*Mr. Charles W. Chadwick (Mr. William Krueger,* of counsel), for the appellant.

The opinion of the court was delivered by

TRENCHARD, J.

The wife filed a petition on October 31st, 1935, for an absolute divorce on the grounds of extreme cruelty. The husband filed an answer and a counter-claim.

The matter came on for hearing before the advisory master. The solicitor of the husband appeared and informed the court that the husband did not desire to contest the wife's suit, nor to proceed with his counter-claim, and presented to the court a signed statement of the husband as the solicitor's authority for his announcement.

Acccordingly the suit was not contested, and the wife proceeded *ex parte.*

At the conclusion of the testimony the advisory master said merely, "I will deny the petition," and a decree was advised and entered dismissing the petition.

After the wife had taken this appeal, her solicitor wrote to the advisory master that he would "appreciate" the filing of an opinion, to which letter a reply was received saying merely that "the petition was dismissed because of insufficient proof and therefore the advisory master does not think it necessary to file a written opinion."

In such posture of affairs we proceed to examine the proofs.

Now the uncontradicted proofs disclose that the facts of marriage of the parties on August 12th, 1931, and the jurisdictional requirements as to residence, were amply proved and corroborated.

It further appears by the uncontradicted proofs, of which there was likewise ample corroboration, that the wife's married life was a most unhappy one, rendered so by the abuse to which she was subjected by her husband, which broke down her health and produced such a nervous and hysterical condition that she left him on June 16th, 1932, and went to her mother's home in a nearby town, where she has since resided.

Without regard to the wife's testimony concerning the wholly unreasonable and unjustifiable attitude of the husband toward her, we point out there was ample testimony, all of which was corroborated, establishing the following matters of fact, all specifically charged in the petition: On occasions the husband became grossly intoxicated. On such and other occasions he physically abused his wife, choking, punching and dragging her about. On one occasion he "punched her in the face" in the presence of her mother, and upon the latter's remonstrance he said "he would treat her the way he wanted to." On another occasion he hit and choked her, causing black and blue marks on her body. On still another occasion, in the night time, he hit her and threatened her life. She telephoned her mother to come and when her mother "got there she was standing on the street corner with her clothes torn, her hair disarranged, and in a terribly hysterical condition." Such abuse culminated in the last act of cruelty on June 16th, 1932, when her husband physically injured her when he forcibly "tried to commit an illegal and immoral act upon her" and she then went to her mother's home in a "terribly nervous state" where she has ever since remained, without any communication whatever with or from her husband.

Now this uncontradicted testimony of the wife, when corroborated, as here, as to these numerous acts of physical abuse specifically charged in the petition, endangering her life or her health, undoubtedly entitled her to a decree of divorce upon the ground of extreme cruelty, where, as here, she postponed filing her petition until after the expiration of six months from the date of the last act of cruelty as required by chapter 187, *P. L. 1923. Bonardi* v. *Bonardi, 113 N. J. Eq. 25; Coe* v. *Coe, 97 N. J. Eq. 57; affirmed, 99 N. J. Eq. 422.*

It will be noticed that the rule of corroboration only requires that belief in the truthfulness of the petitioner's testimony must find support in the testimony of others, or in the surrounding established circumstances, and not that each act alleged should have direct corroboration. *Feybusch* v. *Feybusch, 110 N. J. Eq. 358; Burke* v. *Burke, 113 N. J. Eq. 77.*

Moreover where, as here, the testimony as to numerous acts of extreme cruelty upon the part of the husband is cor-

roborated, it may be assumed that the wife's testimony as to other alleged acts is true, even if not directly corroborated in every detail. *Wallace* v. *Wallace, 112 N. J. Eq. 292; Feybusch* v. *Feybusch, supra.*

The result is that since the legal testimony completely and fully established extreme cruelty, the decree below will be reversed, and the record remitted to the court of chancery to the end that a decree *nisi* be entered.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 13.